# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 00-31262
Summary Calendar

LENNIE R. ALLEN,

Plaintiff - Appellant,

versus

EAGLE ELECTRIC MACHINERY, INC.,

Defendant - Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
No. 99-CV-548

April 16, 2001

Before POLITZ, JOLLY, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Lennie Allen appeals an adverse summary judgment in his action alleging

employment discrimination and asserting claims under Title VII, The Civil Right Act

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of 1991, the Age Discrimination in Employment Act, and the American with Disabilities Act.

Allen began his employment as a salesman for Eagle Electric Machinery in 1989. A year or so later he sustained an eye injury rendering him legally blind. Eagle provided him with a driver to enable him to continue his outside sales contacts.

In January 1998, Eagle put in place a reorganization plan designed to encourage an increase in sales of its products. The plan gave Allen two options. The first decreased Allen's base salary but added a one percent commission on all sales. This option also contained a termination clause if sales fell below a certain volume in a given quarter. The second option, should Allen chose to discontinue his employment with Eagle, allowed him to continue with Eagle on retainer, earning his previous weekly salary. This agreement would last 18 weeks, at which time Eagle would re-evaluate his "continued employment with the company on a continued retainer basis at a fee determined at that time." In response to the institution of this plan, Allen abandoned his employment contending that he had been constructively discharged because of his visual impairment.

The instant action was filed, alleging employment discrimination as above noted. The court granted a Rule 12(B) motion, dismissing the ADEA claim. Thereafter the court considered and granted summary judgment dismissing the remaining claims.

Having considered the record, briefs, and applicable law, and on the facts as detailed, authorities cited, and analysis made by the district court, the judgment appealed is AFFIRMED.